**FILED**

NOV 2 7 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SINA MOGHTADER, PLAINTIFF, | §<br>§<br>§<br>§ |
| v. | §<br>§ |
| NATIONAL BOARD OF MEDICAL EXAMINERS, DEFENDANT. | §<br>§<br>§<br>§<br>§ |

**SA17CA1216** FE

CAUSE NO. _____

## PLAINTIFF'S ORIGINAL COMPLAINT

**To the Honorable United States District Court Judge:**

Plaintiff, Sina Moghtader, files his Original Complaint against Defendant, National Board of Medical Examiners ("NBME"), and respectfully states the following.

## NATURE OF THE ACTION

1.      This is an action for injunctive relief and attorney fees and costs incurred in bringing this action based on NBME's refusal to provide reasonable accommodations to Moghtader pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. and its amendments. Moghtader was a medical student at the Ross University School of Medicine ("RUSM"). The NBME illegally refused to accommodate Moghtader's learning disability by refusing to provide Moghtader additional time to take the United States Medical Licensing Examination ("USMLE") Step 2 Clinical Knowledge Exam ("Step 2 CK Exam") and Step 2 Clinical Skills Exam ("Step 2 CK Exam"). Moghtader seeks an injunction prohibiting the NBME from continuing its violation of his ADA rights and compelling NBME to allow Moghtader to take the Step 2 CK, Step 2 CS, and Step 3 examinations with appropriate accommodations. NBME's actions are in violation of the ADA, including 42 U.S.C. §12189.

## PARTIES

2.      Moghtader is a resident of Texas.

3.      NBME is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. NBME administers the USMLE, a three-step examination, the successful completion of which is required for medical licensure in the United States. Additionally, the level of performance on the USMLE is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the USMLE Step Exams within the boundaries of judicial districts in Texas.

4.      NBME engages in business in Texas and this action arises from those business activities. NBME, however, does not maintain a regular place of business Texas and does not have a designated agent for services of process in this state. Accordingly, NBME may be served by sending a certified copy of the summons and this complaint by certified mail to NBME's registered agent: CT Corporation System 1025 Vermont Ave., N.W., Washington, D.C. 20005.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This action arises under the laws of the United States, specifically the ADA and its amendments, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7.      Moghtader suffers from recognized ADA disabilities He has received accommodations for his disabilities throughout his academic career.  NBME has refused to allow Moghtader, the legally required accommodations and he has therefore been unable to achieve a passing score on Step 2. Because of his learning disabilities, Moghtader had requested that, under the ADA, the NBME provide him with additional time to take the Step exams. These requests have

been denied. As a result, Moghtader was unable to graduate from RUSM and was dismissed from the university.

8.      The specific learning disabilities afflicting Moghtader include AD/HD, reading and writing disorders.

9.      Students at RUSM (as in many medical schools in the United States) are required to take and pass the Step 2 Exams in order to be granted the M.D. degree and move on to attend medical residency. At RUSM (as in many medical schools in the United States), passing the Step 2 Exams is a prerequisite to graduation, the conferring of the Medical Doctorate degree, and obtaining residency admission.

10.     The NBME develops and administers the Step 2 Exams at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

11.     In 2011, the U.S. Department of Justice settled with the NBME regarding the NBME's violations of the ADA. Under the terms of the settlement agreement, NBME committed itself to providing reasonable testing accommodations to persons with disabilities who seek to take the USMLE, in accordance with the requirements of the ADA.   The settlement agreement resulted from ADA violations by the NBME, similar to the NBME's refusal to grant accommodations for learning disabilities like those suffered by Moghtader.

12.     Moghtader is currently not registered to take this exam because he was dismissed from RUSM. NBME's illegal denial of Moghtader's requests for reasonable accommodations has made it impossible for him to graduate from medical school.

13.     The facts establish that Moghtader has definite learning disabilities that substantially limit his major life activities of reading and learning as compared to most people of similar educational background. Under the ADA, Moghtader is entitled to a reasonable accommodation of additional time to take the Step 2 Exams. NBME's refusal to provide Moghtader with the accommodation of extra time for the exams, despite knowing of Moghtader's

documented learning disabilities that are protected under the ADA, is a violation of Moghtader's civil rights under the ADA.

14.     Moghtader has been unable to graduate from medical school education in the same manner as his RUSM classmates because he has not successfully completed the Step 2 Exams. Moreover, Moghtader has been precluded from any medical residency position because the NBME has denied granting him the required accommodation for his disability. Moghtader's hard-earned medical career will end if to the NBME continues to refuse to accommodate his disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

15.     Moghtader incorporates by reference the foregoing paragraphs.

16.     Moghtader is an individual with a disability as defined by the ADA because he has an impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of reading and learning.

17.     Title III of the ADA (46. U.S.C. §12189) prohibits discrimination against persons with disabilities in professional examinations such as the Step 2 Exams as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals

18.     The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the Step 2 Exams.

19.     Pursuant to 28 C.F.R. §36.309(b), the NBME must assure that any examination is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results

accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

20.     One reasonable accommodation for a disabled person, such as Moghtader, that may be provided under the ADA is lengthening the time permitted for completing the examinations.

21.     Moghtader has a learning disability that substantially limits his major life activities of reading and learning. Moghtader's condition has been diagnosed by experts in this field through repeated testing, examination and evaluation, and constitutes a disability within the meaning of the ADA.

22.     Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. §12102(2). Under the authority of 42 U.S.C. §12134, the Department of Justice has promulgated regulations (28 CFR §35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people of similar education and training." 28 CFR, pt. 36, App. B.

23.     As noted above, Moghtader has a learning disability that substantially impairs a major life activity. His disability precludes him from learning in the same manner and in the same amount of time as most people of similar education and training. This learning disability substantially limits his activity of reading and learning, in comparison to most people of similar education and training other medical students taking the Step 2 Exams.

24.     Failure in passing the Step 2 and Step 3 Exams necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the Step 2 and Step 3 Exams is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the Step 2 Exams is a primary determinant of a candidate's job

opportunities for residency. Thus, Moghtader's entire future livelihood as a medical doctor rests on these exams.

25.     Moghtader made formal written request of NBME for reasonable accommodation for his disability in connection with taking the exams, i.e., two times the standard time to take the exam, an accommodation NBME has made to some people who have requested the accommodation.

26.     The NBME's refusal to provide any reasonable test accommodations Moghtader requested for the exam constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

27.     Moghtader will be irreparably harmed by the NBME continued illegal refusal to provide him a reasonable test accommodation as requested and unless this Court grants injunctive relief prohibiting the continued violation of Moghtader's ADA rights and compelling the NBME to provide the requested accommodation, in that (a) Moghtader's medical career will end because passing scores on the Step 2 Exams is a prerequisite to continuing his medical career; (b) given his history with prior examinations, including the Step 2 Exams, Moghtader is justifiably concerned that he will not pass the exam without the additional extra time accommodation to which he is entitled under the ADA; (c) Moghtader's opportunity to engage in his career is effectively over unless the NBME is compelled to comply with the ADA; (d) without a time accommodation for the Step 2 Exams, Moghtader will be unable to receive his medical degree from RUSM and he will be unable to enter any medical residency program; (e) requiring Moghtader to take the exam without accommodation puts him at distinct disadvantage given his disability; and (f) failure on the exams as a result of not receiving accommodation from the NBME eliminates Moghtader's future residency and professional career, and eliminates his ability to repay near $300,000 in medical school-related student debt.

28.     The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

29.     The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Moghtader with the ADA accommodations to which he is justly entitled.

30.     As a result of the NBME's violation of the ADA, Moghtader and his family have suffered and will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

40.     The NBME in denying Moghtader's' request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Moghtader's ADA rights.

41.     Moghtader is entitled to and hereby requests that the Court enter a permanent injunction directing that NBME cease and desist its refusal to accommodate Moghtader's request for an accommodation on the Step 2 Exams and any future Step Exams to be taken by Moghtader and that the NBME comply with the ADA by providing Moghtader's requested accommodation with regard to the Step 2 Exams and future Step Exams for which Moghtader is otherwise entitled to sit and for which he otherwise makes proper application.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

42.     Moghtader incorporates by reference the foregoing paragraphs.

43.     42 U.S.C. §12188(a) (1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. §2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Moghtader is entitled to recovery and, hereby, does request recovery of all reasonable attorneys' fees, costs, and expenses incurred in the bringing and prosecution of this action.

WHEREFORE, PREMISES CONSIDERED Moghtader requests that this Court grant judgment in his favor and against NBME as follows:

A.     Enter judgment in the form of a permanent injunctive order against NBME directing NBME to immediately cease and desist from its refusal to accommodate Moghtader's request for accommodation on the Step 2 Exams and any future Step Exams for which Moghtader is otherwise entitled to sit and for which he has made proper application and ordering NBME to comply with the ADA by allowing Moghtader the requested accommodation of two times the standard time to take any of the Step Exams to be proctored over two non-consecutive days.

B.     Enter judgment against NBME awarding such damages as may be proven by Moghtader and to which he is entitled;

C.     Enter judgment against the NBME awarding Moghtader recovery of his reasonable attorneys' fees, costs and expenses incurred in bringing and prosecuting this litigation; and

D.     Award such other and further relief as may be appropriate, in law or in equity, to which Moghtader may otherwise be entitled.


Respectfully submitted,


Vincent E. Nowak, SBOT# 15121550
1301 Daws Drive
Amarillo, Texas 79124
806.679.7914
806.356.9112 (Fax)