UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | CAUSE NO. 5:17-CV-01216-FB |
| NATIONAL BOARD OF | § | |
| MEDICAL EXAMINERS, | § | |
| DEFENDANT. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**To the Honorable United States District Court Judge:**

Plaintiff files this response and respectfully states as follows:

### Brief Summary of the Response

Pursuant to the ADA, plaintiff sought testing accommodations from defendant. Plaintiff sought such accommodations on May 12, 2016. Defendant denied such accommodations on May 16, 2016. Plaintiff thereafter timely commenced this action. This suit is based on the May 16, 2016, denial, and all of defendant's arguments are without merit. The suit is timely and it sets forth a valid claim for violations of the ADA. There is no justification to dismiss this case at his juncture. Respectfully, plaintiff asks the Court to deny the instant motion to dismiss. In the alternative, plaintiff asks the Court for leave to amend with whatever guidance the Court gives.

### Background

Moghtader suffers from recognized ADA disabilities He has received accommodations for his disabilities throughout his academic career. NBME has refused to allow Moghtader, the legally required accommodations and he has therefore been unable to achieve a passing score on Step 2. Because of his learning disabilities, Moghtader had requested that, under the ADA, the NBME

provide him with additional time to take the Step exams. These requests have been denied. As a result, Moghtader was unable to graduate from RUSM and was dismissed from the university.

The specific learning disabilities afflicting Moghtader include AD/HD, reading and writing disorders.

Students at Ross University School of Medicine "RUSM" (as in many medical schools) are required to take and pass the Step 2 Exams in order to be granted the M.D. degree and move on to attend medical residency. At RUSM (as in many medical schools), passing the Step 2 Exams is a prerequisite to graduation, the conferring of the Medical Doctorate degree, and obtaining residency admission.

The NBME develops and administers the Step 2 Exams at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

In 2011, the U.S. Department of Justice settled with the NBME regarding the NBME's violations of the ADA. Under the terms of the settlement agreement, NBME committed itself to providing reasonable testing accommodations to persons with disabilities who seek to take the USMLE, in accordance with the requirements of the ADA.  The settlement agreement resulted from ADA violations by the NBME, similar to the NBME's refusal to grant accommodations for learning disabilities like those suffered by Moghtader.

Moghtader is currently not registered to take this exam because he was dismissed from RUSM.  He was dismissed because he was not granted accommodations by NBME.  NBME's illegal denial of Moghtader's requests for reasonable accommodations has made it impossible for him to graduate from medical school.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - PAGE 2

Moghtader's request for accommodations from the NBME was sent on May 12, 2016, and it was denied on May 16, 2016.  This suit was timely filed and served following the denial.

## Argument

Title III of the ADA (46. U.S.C. §12189) prohibits discrimination against persons with disabilities in professional examinations such as the Step 2 Exams as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the Step 2 Exams.

Pursuant to 28 C.F.R. §36.309(b), the NBME must assure that any examination is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Moghtader, that may be provided under the ADA is lengthening the time permitted for completing the examinations.

Moghtader has a learning disability that substantially limits his major life activities of reading and learning. Moghtader's condition has been diagnosed by experts in this field through repeated testing, examination and evaluation, and constitutes a disability within the meaning of the ADA.

Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. §12102(2). Under

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - PAGE 3

the authority of 42 U.S.C. §12134, the Department of Justice has promulgated regulations (28 CFR §35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people of similar education and training." 28 CFR, pt. 36, App. B.

Failure in passing the Step 2 and Step 3 Exams necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the Step 2 and Step 3 Exams is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the Step 2 Exams is a primary determinant of a candidate's job opportunities for residency. Thus, Moghtader's entire future livelihood as a medical doctor rests on these exams.

Moghtader made formal written request of NBME for reasonable accommodation for his disability in connection with taking the exams, i.e., two times the standard time to take the exam, an accommodation NBME has made to some people who have requested the accommodation.

The NBME's refusal to provide any reasonable test accommodations Moghtader requested for the exam constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

The NMBE's argument that plaintiff has no current request for accommodation is specious. This suit is based upon defendant's May 16, 2016, denial of accommodations.  It is silly to suggest that plaintiff needs to keep asking for accommodations before he has a right to seek relief. Moreover, plaintiff has met every element with respect to his suit.  Defendant suggests that because

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - PAGE 4

plaintiff is not currently enrolled in medical school, he lacks "standing" to bring this claim. The ADA does not require enrollment in medical school as a prerequisite to standing. Simply put, defendant's illegal denial of plaintiff's ADA rights resulted in his dismissal from medical school. Defendant should not be allowed to benefit from its illegal actions. Enrollment in medical school; is not a prerequisite to standing.

With respect to defendant's argument that plaintiff has stated the wrong ADA standard, plaintiff requests the opportunity to amend to reflect that his disabilities substantially limit his major life activities as compared to most people. Plaintiff will be able to prove that standard at trial.

## Conclusion

Plaintiff has stated a claim for violations of the ADA. This claim was timely filed with this Court. Dismissal at this early stage is not warranted and would do a disservice to plaintiff and to all who claim protection under the ADA. Plaintiff asks the Court for the opportunity to amend his complaint to state that his disabilities substantially limit his major life activities as compared to most people. Dismissing the complaint at this early juncture before the opportunity for any discovery would serve a great injustice to plaintiff and to all who would seek to claim the protections of the ADA. Respectfully, plaintiff asks the Court to deny the motion to dismiss.

Respectfully submitted,

_____
Vincent E. Nowak, SBN 15121550
1301 Daws Dr.
Amarillo, TX 79124
Telephone: 806-679-7914
Facsimile: 806-356-9112

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - PAGE 5

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was served by ECF and Email on June 26, 2018, to opposing counsel, as follows:

Stephen J. Romero
Norton Rose Fulbright US LLP
300 Covent St., Suite 2100
San Antonio, TX 78205-3792
E: Stephen.romero@nortonrosefullbright.com

                                                _____
                                                Vincent E. Nowak, SBN 15121550
                                                1301 Daws Dr.
                                                Amarillo, TX 79124
                                                Telephone: 806-679-7914
                                                Facsimile: 806-356-9112

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS - PAGE 6