IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SINA MOGHTADER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:17-cv-01216-FB |
| § | |
| NATIONAL BOARD OF MEDICAL § | |
| EXAMINERS, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO DISMISS**

The National Board of Medical Examiners ("NBME") has moved to dismiss Plaintiff's Complaint because the Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim in any event. *See* ECF No. 12. Plaintiff's Response does not overcome either of these deficiencies. *See* ECF No. 13 ("Pl. Resp.").

The Court lacks subject matter jurisdiction because Mr. Moghtader's ADA failure-to-accommodate claim is not ripe. He is not currently registered to take either of the USMLE Step 2 exams, he is not eligible to take either of those exams, and there is no pending request for accommodations for the Court to evaluate. Injunctive relief would be hypothetical and meaningless in this context, and injunctive relief is the only relief available to plaintiff under Title III of the ADA.

Mr. Moghtader has failed to state a claim because his complaint provides only a formalistic recitation of the elements of an ADA claim and, more importantly, does not allege that Mr. Moghtader is substantially limited in any major life activities "as compared to most people in the general population," which is the relevant comparison group for evaluating whether someone is disabled under the ADA. *See* 28 C.F.R. § 36.105(d)(1)(v). His Complaint asserts

instead that he is substantially limited in his ability to read and learn "in comparison to most people of similar education and training … taking the Step 2 Exams." Complaint ¶ 23. Even if taken as true for present purposes, that assertion is not sufficient to support a finding that he is disabled.[1]

I. **Plaintiff's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1).**

Mr. Moghtader seeks prospective injunctive relief that would direct NBME to provide Mr. Moghtader with his "requested accommodation with regard to the Step 2 Exams and future Step Exams for which Moghtader is otherwise entitled to sit and for which he otherwise makes proper application." Complaint, ¶ 41 (ECF No. 1). His complaint also includes a passing request for damages, *id.* at p. 8, ¶ B, but prospective injunctive relief is the only relief available under Title III of the ADA. *See Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 Fed. App'x 180, 183 (5th Cir. 2015) ("Damages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief."). Plaintiff's Response does not dispute that he cannot recover damages or that the only relief available to him is injunctive relief.

Mr. Moghtader acknowledges that he "is currently not registered to take [the Step 2] exam." Pl. Resp. 2. He also acknowledges that he has been "dismissed from [medical school],"

---

[1] NBME noted in its Motion to Dismiss (p. 2) that this is Mr. Moghtader's second lawsuit against the NBME relating to the denial of his request for accommodations on Step 2 of the USMLE. *See Moghtader v. Nat'l Bd. of Med. Exam'rs*, No. 5:15-cv-00508-FB (W.D. Tex.). Mr. Moghtader makes no mention of his prior lawsuit in responding to NBME's current motion to dismiss or to the Court's dismissal of his earlier complaint for failure to state a claim. *See id.*, Memorandum and Recommendation at 9-13 (Oct. 1, 2015) (ECF No. 14), Order Accepting Memorandum and Recommendation of the United States Magistrate Judge (Oct. 28, 2015) (ECF No. 16), *and* Judgment (Oct. 28, 2015) (ECF No. 17).

*id.*, which means that he is not eligible to take the Step 2 exams (with or without accommodations)[2] -- a fact that he does not dispute in his Response.

NBME cited several cases in its Motion which support a finding that the Court lacks subject matter jurisdiction over Mr. Moghtader's Title III ADA claim given the undisputed facts of this case. For example, in *Cunningham v. Univ. of N.M. Bd. of Regents*, 531 Fed. App'x 909, 916-18 (10th Cir. 2013), the court held that there was no subject matter jurisdiction over the plaintiff's Title III ADA complaint against NBME because the plaintiff did "not currently have any pending [accommodation] requests before the Board" and his claim "was not ripe for review." Similarly, in *Kober v. Nat'l Bd. of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480, at *2-3 (W.D. La. June 7, 2010), the court dismissed the plaintiff's Title III ADA complaint pursuant to Rule 12(b)(1) where the plaintiff "currently has no request pending before the NBME" for decision. NBME also cited this Court's decision in *Higgins v. Texas Dep't of Health Servs.*, 801 F. Supp. 2d 541, 548-54 (W.D. Tex. 2011), which dismissed claims under Rule 12(b)(1) where the plaintiffs' claims were moot as to past alleged injuries and speculative as to future alleged injuries and thus not ripe.

---

[2] As noted in NBME's Motion, to be eligible to take Step 2 of the USMLE, a candidate must be in one of the following categories at the time he applies to test and on the day of his examination: (1) a medical student officially enrolled in, or a graduate of, a U.S. or Canadian medical school program leading to the MD degree that is accredited by the Liaison Committee on Medical Education; (2) a medical student officially enrolled in, or a graduate of, a U.S. medical school leading to the DO degree that is accredited by the American Osteopathic Association; or (3) a medical student officially enrolled in, or a graduate of, a medical school that is outside the U.S. and Canada and listed in the World Directory of Medical Schools, who meets the eligibility criteria of the Educational Commission for Foreign Medical Graduates. *See* www.usmle.org/bulletin/eligibility/. It is undisputed that Mr. Moghtader is not in any of these categories.

Mr. Moghtader simply ignores NBME's case authority.  *See* Pl. Resp. at 4-5.  He asserts that NBME's jurisdictional argument is "specious," *id.* at 4, but he offers no authority to support that assertion, which is directly contradicted by the cases cited by NBME.

Mr. Moghtader states that the ADA "does not require enrollment in medical school as a prerequisite to standing," *id*. at 5, but that irrelevancy misses the point.  To have standing under the ADA for purposes of Article III of the Constitution, a plaintiff's claim must be ripe.  To be ripe, a Title III ADA claim must be concrete, not conjectural, and must involve alleged wrongful conduct that can be remedied by prospective injunctive relief.  That is not the case here.

Mr. Moghtader cannot pursue an ADA claim relating to his requests for accommodations on past administrations of the USMLE Step 2 exams because injunctive relief would not prevent the harm he allegedly experienced with respect to prior test administrations.  And his claims are not ripe with respect to any future administrations of the Step 2 exams because he is not registered to take either Step 2 exam (as he concedes, Pl. Resp. 4), he is not currently eligible to take either Step 2 exam (because he is not enrolled in medical school, a fact that he also concedes, *id.*), and he has no pending request for accommodations on any future Step 2 exam (a fact that he has not contested).  It is not a matter of NBME being "allowed to benefit" from its purportedly "illegal actions," *id*. at 5,[3] it is a matter of the jurisdictional consequences that flow

---

[3] In an effort to lend credibility to his complaint against NBME, Mr. Moghtader asserts in his Response that NBME entered into a settlement agreement in 2011 with the U.S. Department of Justice "regarding the NBME's violations of the ADA," and that the settlement agreement "resulted from ADA violations … similar to the NBME's refusal to grant accommodations for learning disabilities like those suffered by Moghtader." Pl. Resp. 2.  These unsupported assertions are not accurate.  Although NBME did enter into a settlement agreement with DOJ in 2011, *see* www.ada.gov/nbme.htm, the agreement reflected an amicable resolution of an investigation that DOJ opened in response to a complaint from a single individual.  There was no finding of any ADA violation on the part of NBME.  NBME denied that it had "violated the ADA in any way in its handling of [the complainant's] request for accommodations," and the

from the undisputed facts of this case and a statute that provides only injunctive relief.  In light of those facts, the Court lacks subject matter jurisdiction over Mr. Moghtader's ADA claim.

## II. Plaintiff's Claims Should Also Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim.

To support a finding that he is disabled within the meaning of the ADA, Mr. Moghtader must allege and prove that he is substantially limited "as compared to most people in the general population."  *See* 28 C.F.R. § 36.105(d)(1)(v).  There is no such allegation in his Complaint.  Instead, he alleges that his claimed impairments substantially limit his ability to read and learn "in comparison to most people of similar education and training … taking the Step 2 Exams."  Complaint ¶¶ 21, 23.  That allegation does not state a claim under the ADA.

Mr. Moghtader acknowledges this in his Response, at least implicitly,[4] by asking the Court to give him "the opportunity to amend [his complaint] to reflect that his disabilities

---

agreement expressly stated that the "Agreement is not an admission by NBME of any violation of the ADA or its implementing regulations."  Agreement ¶¶ 9, 27.

Mr. Moghtader neglects to mention in this regard that he also filed an ADA complaint against NBME with the U.S. Department of Justice, which DOJ chose not to pursue.  Mr. Moghtader subsequently threatened to kill two employees in DOJ's Civil Rights Division, and their families, for not pursuing his discrimination complaint.  This led to Mr. Moghtader being criminally indicted in this Court.  *See United States v. Moghtader*, No. 5:16-cr-00516-DAE (W.D. Tex.).  On April 11, 2017, the Court found that "[t]he Government has proved beyond a reasonable doubt that [Defendant] committed the crimes charged in Counts One, Two, Three, Four, Five, and Six of the Indictment."  *Id*., Findings of Fact and Conclusions of Law on the Issue of Guilt, ¶ 2 (ECF No. 72).  The Court further found, however, that "during and at all times the subject of the Indictment Defendant suffered from a severe mental disease or defect," caused by medications he had been prescribed, as a result of which "Defendant was unable to appreciate the wrongfulness of his acts."  *Id*. at ¶ 5.  The government concurred in that finding, *id*. at ¶ 6, and the Court found Mr. Moghtader not guilty on any count by reason of insanity, *id*. at ¶¶ 7-12.

[4] Mr. Moghtader's Response states that "the 'substantially limited' standard" is "established when 'the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people of similar education and training.'  28 C.F.R., pt. 36, App. B."  Pl. Resp. 4.  The referenced citation, however, contains no such language (Appendix B deals with accessibility standards for new construction and building alterations).  As confirmed by the numerous cases cited by NBME in its Motion,

- 5 -

substantially limit his major life activities as compared to most people." Pl. Resp. 5.  He provides no substantive response to NBME's argument that his Complaint fails to allege facts that would support a finding that he is disabled within the meaning of the ADA.  He simply "asks the Court for leave to amend with whatever guidance the Court gives." *Id*. at 1.

The Court should not allow Mr. Moghtader to amend his Complaint.  He has already had one opportunity to re-plead his ADA claim following dismissal.  The Court dismissed his first lawsuit, and the present Complaint reflects Mr. Moghtader's second chance to state a viable ADA claim.  He offers no reason why he should be given a third opportunity to do so, or why the Court should provide him with "guidance" on how to state an ADA claim.

Mr. Moghtader's Complaint fails to state a claim because it does not allege facts that would support a finding that Mr. Moghtader is disabled within the meaning of the ADA.  Under the circumstance, he should not be given leave to amend.  While "a district court generally should provide the plaintiff at least one chance to amend the complaint … before dismissing the action with prejudice" under Rule 12(b)(6), a court has "broad discretion to dismiss a complaint without leave to amend" if a plaintiff has already had an opportunity to cure his initial pleading deficiencies.  *Carlisle v. JP Morgan Chase Bank, N.A.*, No. H–11–2849, 2012 WL 912735, at *2 (S.D. Tex. Mar. 16, 2012) (citations omitted).  That is the situation here.

Mr. Moghtader suggests that the parties are at an "early stage" in this litigation, and that dismissal would be a "great injustice to plaintiff and to all who seek to claim the protections of the ADA."  Pl. Resp. 5.  He is wrong on both counts.  This litigation began three years ago, with the filing of Mr. Moghtader's initial lawsuit against NBME and various other defendants,

---

ECF No. 12 at 10-11, and as unambiguously stated in the applicable regulation, the comparator group for determining whether someone is disabled under the ADA is "most people in the general population." *See* 28 C.F.R. § 36.105(d)(1)(v).

including his medical school.  And no injustice would result if his complaint is dismissed, for him much less for other individuals.  Dismissal would simply end -- in an appropriate manner -- Plaintiff's belated and unsuccessful efforts to state a viable legal claim against NBME relating to his inability to achieve a passing score on Step 2 of the USMLE.

## **CONCLUSION**

Mr. Moghtader's Complaint should be dismissed with prejudice.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


*/s/ Stephen J. Romero*
    Stephen J. Romero
    State Bar No.  24046756
    stephen.romero@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX  78205-3792
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

Counsel for Defendant
National Board of Medical Examiners

- 8 -

## CERTIFICATE OF SERVICE

   I hereby certify that on this 29th day of June 2018, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

 Vincent E. Nowak
 1301 Daws Drive
 Amarillo, TX  79124

              */s/  Stephen J. Romero*
              Stephen J. Romero