IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. SA-17-CA-1216-FB |
| | ) | |
| NATIONAL BOARD OF MEDICAL | ) | |
| EXAMINERS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REGARDING DEFENDANT'S MOTION TO DISMISS

Before the Court are the National Board of Medical Examiners' Motion to Dismiss and Points and Authorities in Support (docket no. 12), plaintiff's response (docket no. 13) and defendant's discretionary reply (docket no. 14).  After careful consideration, the Court is of the opinion the motion should be granted.

BACKGROUND

Sina Moghtader, a former student of the Ross University School of Medicine ("RUSM"), filed this action on November 27, 2017.  He alleges that he suffers from a diagnosed learning disability and Attention Deficit Hyperactivity Disorder ("ADHD") which the National Board of Medical Examiners ("NBME") refused to accommodate, resulting in his dismissal from medical school. He seeks injunctive relief against the NBME asserting that the NBME violated his right under the Americans With Disabilities Act ("ADA") by denying him special testing accommodations on the United States Medical Licensing Examination ("USMLE").  After a delay in service, the NBME filed a  motion  to  dismiss for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

This is the second lawsuit plaintiff filed over the denial of special testing accommodations on the USMLE.[1]  Plaintiff filed the first suit against the NBME, RUSM and other defendants in this Court on June 18, 2015, *Sina Moghtader v. NBME, et al.,* Civil Action No. SA-15-CA-508-FB ("Moghtader I").  In Moghtader I, plaintiff presented causes of action for breach of contract, for violations of the Rehabilitation Act of 1973 and the ADA for violations of due process and equal protection.  Plaintiff alleged that he was diagnosed with a learning disability during the time he was a student at the University of Texas at San Antonio between 2002 and 2008. As a result, he was allowed extra time to take tests. In 2008, plaintiff entered RUSM which was aware of the UTSA diagnosis and accommodations.

Near the end of the 2010 school year, plaintiff experienced some difficulties and requested accommodations from the NBME on Step 1 of the United States Medical Licensing Exam ("USMLE"). He was denied the requested accommodations on February 17, 2011.  Plaintiff nonetheless took the USMLE Step 1 exam in April of 2011, under standard testing conditions,  and achieved a passing score.

Plaintiff has also taken, but not passed, the USMLE Step 2 exams.  Moghtader I and this suit concern plaintiff's inability to achieve passing scores on those exams.

On October 31, 2011, plaintiff was diagnosed with ADHD. He submitted an additional request to the NBME on January 20, 2012 for accommodations on Step 2 of the USMLE. The NBME denied the request for accommodations on July 5, 2012.

---

[1]For purposes of considering the motion to dismiss, the Court takes judicial notice of documents filed in this and other courts not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings.  *In re Willard,* 336 F.3d 375, 379 (5th Cir. 2003) ("On a motion to dismiss, the court may properly consider the documents attached to or incorporated by reference in the plaintiff's complaint, facts of which judicial notice may be taken, and matters of public record."); *see also MacMillan Bloedel Ltd. V. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court.").

The rationale provided to deny the request was "[o]ur records show that you successfully completed Step One under standard conditions. This does not demonstrate impaired functioning that limits a major life activity or that the standard administration of Step 2CK is insufficient for you needs." Plaintiff submitted a renewed request in 2014, which the NBME denied on September 9, 2014.

Further evaluation of plaintiff in 2015 by another highly qualified and widely respected psychologist resulted in essentially the same findings and recommended testing accommodations. Plaintiff asked the NBME to reconsider its denial in April of 2015. In a letter dated April 28, 2015, the NBME informed plaintiff that it could not review that request until he re-registered to take the Step 2 exams.

During the period of time set out above, RUSM initially delayed its required time-line for completion of courses while plaintiff and the NBME worked through the testing accommodation issues. On April 30, 2015, RUSM changed its practice without notice to plaintiff and dismissed plaintiff from the medical school. Plaintiff alleges that RUSM had full knowledge of the NBME's illegal conduct in refusing testing accommodations. On July 13, 2015, plaintiff administratively appealed his dismissal from RUSM. On August 4, 2015, RUSM granted the appeal and provided him one additional year to complete Step 2 of the USMLE.

NBME is a not-for-profit organization that provides assessment services for the health professions. Together with the Federation of State Medical Boards, the NBME sponsors the USMLE, a standardized examination that state licensing authorities have chosen to accept as evidence of an applicant's competence for medical licensure in the United States and its territories. The USMLE is designed to assess a prospective physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills.

There are three phases of the USMLE, consisting of four examinations known as "Steps." Step 1 of the USMLE is a multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. The Step 2 Clinical Knowledge (CK) examination is a multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision and includes emphasis on health promotion and disease prevention. The Step 2 Clinical Skills (CS) examination utilizes trained actors as standardized patients and assesses whether medical students can effectively gather information from patients, perform physical examinations, and communicate findings to patients and colleagues. The Step 3 examination assesses whether medical students can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine, with emphasis on patient management in ambulatory settings. Passing the three phases of the USMLE within a prescribed time period is a necessary component to maintaining enrollment at RUSM. As such, plaintiff's inability to pass Step 2 ultimately resulted twice in his dismissal from RUSM in accordance with school policy and licensing requirements.

Testing accommodations are available for disabled individuals who need them in order to access the USMLE. All accommodation requests are individually reviewed by the NBME, and reasonable accommodations are provided as warranted to individuals who demonstrate that they are disabled within the meaning of the ADA.

In Moghtader I, filed on June 18, 2015, the NBME and RUSM filed a motion to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which plaintiff filed no response. The Magistrate Judge issued a Memorandum and Recommendation on October 1, 2015. The memorandum recommended that the motion be granted. With regard to RUSM, in addition

to filing suit against the NBME and RUSM, plaintiff filed an appeal with RUSM challenging his dismissal.  On August 4, 2015, RUSM granted plaintiff readmission to the medical school and provided him one additional year, until July 31, 2016, to complete Step 2 of the USMLE.  Accordingly, because plaintiff had received the relief he requested from RUSM–readmission and the opportunity to complete the NBME's Step 2 examinations–the Magistrate Judge recommended that RUSM's motion to dismiss be granted.  The memorandum also recommended that the NBME's motion to dismiss be granted.  The Magistrate Judge explained:

> In his second cause of action, plaintiff alleges he is a disabled individual under . . . the ADA, 42 U.S.C. §§ 12131-12150. He alleges that, despite his requests, the NBME refused to make reasonable testing accommodations which caused him to fail Step 2 of the USMLE. Defendants contend that plaintiff has failed to adequately plead a claim for disability discrimination. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. . . .
>
> To make a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, ser-vices, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. [*Estate of A.R. v. Muzyka*, 543 Fed. App'x 363, 364-65 (5th Cir. 2013)]. . . .
>
> The ADA defines disability as "a physical or mental impairment that substantially limits one or more . . . major life activities . . . ." 42 U.S.C. § 12102(1). *See Stewart v. City of Houston Police Dept.,* 372 Fed. App'x 475, 477 (5th Cir. 2010). Plaintiff alleges that he has been diagnosed with both a learning disability and ADHD. However, as defendants note, he fails to state how he is substantially limited in any major life activity. He states only that the NBME violated the ADA . . . by failing to grant him reasonable testing accommodations. Plaintiff has done no more than provide a formalistic recitation of the elements of a cause of action which is fatal to stating a valid claim for relief.  *Twombly*, 550 U.S. at 555. *See Mora v. University of Texas Southwestern Medical Center*, 469 Fed. App'x 295, 297 (5th Cir. 2012) (allegation that plaintiff is an alcoholic and that her alcoholism impairs a major life activity, without specifying which of her "life activities" is substantially limited, is fatal to stating a valid claim for relief).

Moghtader I, docket no. 14 at pages 9-11.  This Court accepted the Memorandum and Recommendation of the Magistrate Judge without objection from any party and a final judgment in favor of the defendants was entered on October 28, 2015.  *Id.* at docket nos. 16 & 17.

Plaintiff re-enrolled in RUSM and registered to retake the Step 2 exam in February of 2016. Also in February of 2016, plaintiff submitted a new request for accommodations on the Step 2 CS and Step 2 CK exams.  His request form stated that he would be graduating from medical school in 2016, and he identified three alleged impairments in support of his accommodation request: ADHD, "Specific Learning Disorder with impairment in Reading" and "Specific Learning Disorder with impairment in written expression."  As accommodations on the Step 2 CK exam, he requested double testing time and additional break time over two days.  On the Step 2 CS exam, he requested double testing time, use of speech-to-text software, and permission to use his asthma inhaler and take medicine which he needs for gastritis.

In a letter dated May 16, 2016, the NBME again denied plaintiff's request for accommodations, although he was advised to consult the personal item exception process for his inhaler and medication. It did so after receiving an updated report and recommendation from an external professional with expertise in the impairments which plaintiff had identified on his accommodation request form.  The NBME states that plaintiff's supporting documentation did not establish that plaintiff is disabled within the meaning of the ADA.  The record reflects, and plaintiff does not deny, that he is not currently registered to take the USMLE Step 2 exam and that he has no pending request for special accommodations on the USMLE Step 2 exam.

In the complaint filed in this case, plaintiff contends the United States Department of Justice ("DOJ") "settled with the NBME regarding the NBME's violations of the ADA."  As plaintiff indicates,

the agreement was reached with an individual other than plaintiff.  Defendant notes that the terms of the settlement with the single individual involved also provided that the agreement was not an admission by the NBME of any violation of the ADA.

Plaintiff filed his own complaint against the NBME with the DOJ in connection with the NBME's denial of his requests for testing accommodations.  When the DOJ declined to pursue his complaint, plaintiff threatened to kill two employees in the civil rights division and their families.  Plaintiff was arrested on June 26, 2016, and subsequently charged in a six-count federal indictment with influencing a federal official with threats and cyberstalking, *United States v. Moghtader,* No. SA-16-CR-516-DAE (W.D. Tex. 2016).  He then spent close to a year (from June 26, 2016 to April 11, 2017) detained in a private prison run by the Geo Group Incorporated in downtown San Antonio.

When plaintiff did not take and pass the Steps 2 CK and CS exams by the extended ended deadline of July 31, 2016, he was again dismissed from RUSM for academic failure–specifically, failure to take and pass Step 2 of the USMLE.  The record reflects, and plaintiff does not deny, that after July 31, 2016, plaintiff was no longer a medical student.

Senior Judge David A. Ezra held a bench trial in plaintiff's criminal case on April 11, 2017.  The Court found that "during and at all times the subject of the Indictment defendant suffered from a severe mental disease or defect" caused by medications he had been prescribed, as a result of which Mr. Moghtader "was unable to appreciate the wrongfulness of his acts." The government concurred in this finding and the Court found Mr. Moghtader not guilty on all counts by reason of insanity.  Plaintiff was released from the custody of the GEO on April 11, 2017, and he was released from the conditions of release on May 30, 2017.

Plaintiff filed this complaint for injunctive relief against the NBME on November 27, 2017.  As he did in Moghtader I, plaintiff asserts the NBME violated his right under the ADA by denying him special testing accommodations on the USMLE, which resulted in his dismissal from medical school. The complaint alleges:

> The facts establish that Moghtader has definite learning disabilities that substantially limit his major life activities of reading and learning as compared to most people of similar educational background.  Under the ADA, Moghtader is entitled to a reasonable accommodation of additional time to take the Step 2 Exams.  NBME's refusal to provide Moghtader with the accommodation of extra time for the exams, despite knowing of Moghtader's documented learning disabilities that are protected under the ADA, is a violation of Moghtader's civil rights under the ADA.

Plaintiff seeks injunctive relief in the form of an order which directs the NBME to provide plaintiff with the testing accommodations he requests, both for the Step 2 exams and any future exam he is entitled to take.  He also makes a passing reference to damages, although as discussed below, damages are not available in this case.

Due to a delay in service, the NBME did not enter an appearance in this case until June 12, 2018.  When the NBME had not answered or otherwise responded to plaintiff's November 17, 2017 complaint by May 7, 2018, the Court directed plaintiff to "show good cause, on or before May 14, 2018, why the above styled and numbered cause should not be dismissed pursuant to Rule 4(m) and for failure to prosecute."  Plaintiff's attorney filed a timely response explaining that the delay in service was "counsel's fault" and requesting an extension of time to properly serve the NBME.  On May 24, 2018, the Court granted the request and set June 6, 2018 as the extended deadline for plaintiff to execute service upon the NBME.  Plaintiff properly served the NBME on May 23, 2018.

Shortly thereafter, on June 12, 2018, the NBME filed its motion to dismiss for lack of jurisdiction under rule 12(b)(1) and failure to state a claim under rule 12(b)(6).  The NBME contends

plaintiff cannot pursue an ADA cause of action relating to his requests for accommodations on past administrations of the USMLE Step 2 exams because injunctive relief would not prevent the harm he allegedly experienced with respect to prior test admissions.  The NBME also argues plaintiff's claims are not ripe under rule 12(b)(1) with respect to any future administrations of the Step 2 exams because he is not registered, or even eligible, to take the USMLE.  With respect to rule 12(b)(6), the NBME contends plaintiff continues to fail to state a claim that he is disabled under the ADA upon which relief can be granted.

On June 24, 2018, plaintiff filed a federal lawsuit in this division against GEO,  alleging he was discriminated against for his Iranian ethnicity and Baha'i faith while he was incarcerated,  *Moghtader v. GEO Group, Inc., et al.,* Civil Action No. SA-18-CA-632-XR.  He contends guards denied him food and turned away while he was severely beaten by other inmates and that medical staff refused to treat him for his injuries.  Plaintiff also alleges the GEO doctors refused to provide medication prescribed for his Post Traumatic Stress Disorder and anxiety diagnoses despite letters from his physician and lawyer demanding proper treatment.  *Id.*  With regard to the criminal charges against him which were resolved, plaintiff states:

> Unfortunately, in 2016, after completing his first two years of medical school, Sina's physician negligently prescribed a new medication that caused severe psychological side effects.  Adderall, the new medication prescribed for the ADHD and [learning disability], interacted dangerously with Sina's PTSD.  When he was later evaluated [by two psychiatrists], the conclusion was that Sina experienced "a Stimulant/Adderall Induced Psychotic Disorder" and that "stimulant psychosis was a transitory psychotic condition associated with a potent, high dose stimulant."  In a letter to the Honorable Judge David Ezra who presided over Sina's dismissed federal case, [one of these psychiatrists] described the combination of medication as "analogous to adding kerosene to a flame."  As a result, Sina experienced a protracted psychotic episode and received federal charges due to psychotic episodes that were later dismissed.

The case remains pending for disposition.

On June 26, 2018, plaintiff filed a response in opposition to the motion to dismiss which the NBME filed in this case.  Plaintiff contends his claim is ripe because the NBME illegally denied him accommodations on the Step 2.  He also states that, to the extent he may not have stated a claim sufficient to survive the NBME's motion, he "requests the opportunities to amend to reflect that his disabilities substantially limit his major life activities as compared to most people." The NBME filed a discretionary reply on June 29, 2018.

DISCUSSION

Dismissal for Lack of Jurisdiction Under Rule 12(b)(1)

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of a district court to hear a case.  The plaintiff bears the burden of proof that jurisdiction exists.  *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).  "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

Plaintiff requests relief under Title III of the ADA in the form of an order directing the NBME to provide plaintiff with his "requested accommodation with regard to the Step 2 Exams and future Step Exams for which Moghtader is otherwise entitled to sit and for which he otherwise makes proper application."  He also makes a request for damages.  However, plaintiff brings his suit under Title III of the ADA and prospective injunctive relief is the only relief available under Title III.  The remedies provision of Title III is found at 42 U.S.C. § 2000a-3(a).  Section 2000a-3(a) authorizes an individual to pursue "a civil action for preventative relief, including an application for a permanent or temporary injunction, . . . or other order . . . . *Id.*; *see also Perez v. Doctors Hosp., Ltd.,* 624 F. App'x 180, 183

-10-

(5th Cir. 2015) (explaining that "[d]amages are not available for a Title III ADA claim brought by a private party, but a private party may seek injunctive relief"). Accordingly, injunctive relief would not prevent the harm plaintiff allegedly experienced with respect to prior test administrations. He therefore lacks standing to pursue an ADA claim relating to his requests for accommodations on past USMLE Step 2 exams.

With respect to any future administrations of the USMLE exams, plaintiff is not registered to take either Step 2 exam, he is not currently eligible to take either Step 2 exam (because he is not enrolled in medical school), and he has no pending request for accommodation on any future Step 2 exam. Accordingly, plaintiff's claims are not ripe. *See Kober v. NBME,* Civil Action No. 09-1772, 2010 WL 2342480, at *2 (W.D. La. June 7, 2010) (explaining that failure to accommodate claim against NBME was not ripe for adjudication because it turned "on hypothetical, contingent events" given that plaintiff "is not currently registered to take the USMLE exam and he has no pending request for special accommodations on the USMLE exam"); *see also Riedel v. Board of Regents,* Civ. A. No. 93-2117-GTV, 1993 WL 500892, at *5 (D. Kan Nov. 17, 1993) (explaining that plaintiff lacked standing to challenge NBME's denial of accommodation on USMLE exams because "only currently enrolled medical students may sit for USMLE exams" and record did not show that plaintiff had reapplied to school of medicine after dismissal following failure to take and pass USMLE Step 1 exam).

Plaintiff's claim also appears to be moot. Although the ADA envisions injunctive relief for the denial of testing accommodations, federal courts may not grant injunctions when "intervening events" have eliminated any reasonable anticipation that the aggrieved party will, in the future, be faced with a recurrence of the alleged harm." *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979). Plaintiff's dismissal from medical school effectively rendered his claim for injunctive relief moot. For

these reasons, plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dismissal for Failure to State a Claim Under Rule 12(b)(6)

Even presuming jurisdiction, Rule 12(b)(6) allows a party to move to dismiss a complaint when the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 622, 678 (2009). The determinative question for the court to consider when ruling on such a motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999).

The NBME argues that, like the complaint filed in 2015, plaintiff's current pleading states in conclusory terms that he is disabled under the ADA. As the NBME points out, plaintiff has added references to the "major life activities" which are purportedly "substantially limited" by his alleged impairments. However, as before, plaintiff fails to state how he is substantially limited in any major life activity. *See* Moghtader I, docket no. 14 at page 10 (explaining that plaintiff has "done no more than provide a formalistic recitation of the elements of a cause of action" which is "fatal to stating a valid claim for relief").

A more fundamental problem with plaintiff's allegations is that he does not rely on the proper comparison group in alleging that he is disabled. Plaintiff alleges he suffers from "learning disabilities" which "substantially limit his major life activities of reading and learning as compared to most people of similar educational background." He also states "[t]his learning disability substantially limits his

activity of reading and learning, in comparison to most people of similar education and training . . . taking the Step 2 exams." These allegations do not state a claim for which relief can be granted under the ADA. The ADA provision upon which plaintiff relies provides in relevant part:

> Any person that offers examinations or courses relating to applications, licensing, certifications, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative arrangements for such individuals.

42 U.S.C. § 12189. Therefore, pursuant to § 12189, persons who qualify as disabled under the ADA are entitled to reasonable testing accommodations.

However, having a diagnosed impairment is not the equivalent of stating a viable cause of action for disability discrimination within the meaning of the ADA. To be disabled under the ADA, a person must have a "a physical or mental impairment that substantially limits one or more major life activities," 42 U.S.C. § 12102(1), "as compared to most people in the general population." 28 C.F.R. § 36.105(d)(1)(v). If a diagnosis is unwarranted, or if an impairment does not result in substantial limitations relative to the applicable comparison group, the individual is not disabled under the ADA and is not entitled to accommodations. *See, e.g., Mann v. Louisiana High Sch. Athletic Ass'n*, 535 F. App'x 405, 410-11 (5th Cir. 2013) (holding that physician's diagnosis of anxiety disorder alone does not establish disability within meaning of ADA).

In his complaint, plaintiff alleges he is substantially limited compared to "most people of similar education and training" who take the USMLE Step 2 exams. His alleged limitations, however, must be measured against most people in the general population, not against other college graduates, other medical students, or other individuals who take a high-stakes professional licensing examination. *See Singh v. George Wash. Univ.*, 508 F.3d 1097, 1103-04 (D.C. Cir. 2007); *see also Black v. NBME*, 281

F. Supp. 3d 1247, 1249-50 (M.D. Fla. 2017) ("Although [plaintiff] insists that the [NBME] must compare [plaintiff's] performance to her 'medical-school peers,' under 28 C.F.R. § 36.105(d)(1)(v) the substantial limitation determination depends on a person's performance in comparison to 'most people in the general population.'"); *see also Bibber v. National Bd. of Osteopathic Med. Exam'rs*, No. 15-4987, 2016 WL 1404157, at *6 (E.D. Pa. Apr. 11, 2016) (explaining it is "[i]nappropriate under the ADA to compare an individual to her academic peer group or, in the case of standardized tests, other testtakers who are not representative of the general population," and finding plaintiff was "not disabled within meaning of ADA, notwithstanding her dyslexia diagnosis and therefore not entitled to extra testing time on medical licensing exam).

Plaintiff's complaint does not allege that he is substantially limited in any major life activity as compared to most people in the general population. Therefore, because he has not alleged facts sufficient to show that he is disabled, plaintiff has failed to state a claim for which relief can be granted under the ADA. *See Fierro v. Knight Transp.*, No. 12–CV–00218–DCG, 2012 WL 4321304, at *3 (W.D. Tex. Sept. 18, 2012) (dismissing ADA failure-to-accommodate claim pursuant to Rule 12(b)(6) where plaintiff alleged he had cancer but did not "allege facts supporting an inference that he has a 'disability' within the meaning of the Act"). Although the Court is sympathetic to plaintiff's circumstances, his complaint is not sufficient to survive the NBME's motion to dismiss.

IT IS THEREFORE ORDERED that National Board of Medical Examiners' Motion to Dismiss (contained within docket no. 12) is GRANTED such that the above-styled and numbered cause is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Alternatively, presuming jurisdiction, the case should be Dismissed With Prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS FURTHER ORDERED that motions pending with the Court, if any, are dismissed as moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 11th day of September, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE