IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 5:17-cv-01216-FB |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | | |
| Defendant. | | |

**DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' RESPONSE TO PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL**

On September 11, 2018, the Court dismissed Plaintiff Sina Moghtader's complaint and entered a final Judgment consistent with the Dismissal Order. (Dkt. #15, 16). Noting that this was the second lawsuit Mr. Moghtader had filed against the National Board of Medical Examiners ("NBME"), the Court dismissed the present action for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), and "[a]lternatively, presuming jurisdiction, ... for failure to state a claim" pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. #15 at 2, 4-6, 14).

Twenty-eight days later, Mr. Moghtader filed a "Rule 59 Motion for New Trial" ("Pl. Motion") (Dkt. #17). He does not indicate which provision in Rule 59 he relies upon in asking the Court to "grant a new trial," nor does he cite any case authority. *See id*. at 1-3.

There has been no trial in this case. Therefore, there is no basis for a "new" trial under Rule 59. Instead, the motion presumably seeks relief under Rule 59(e). The motion asks the Court to "reconsider its dismissal," Pl. Motion at 2 (¶ 6), and such a motion may be pursued as a motion to alter or amend a judgment under Rule 59(e). The motion should be denied.

## LEGAL STANDARD

"Reconsideration of a judgment after its entry ... is an extraordinary remedy which should be used sparingly." *Allen v. Rector*, No. ASA98–CA–0193-NSN, 2001 WL 694035, *2 (W.D. Tex. May 4, 2001) (denying Rule 59(e) motion) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *accord, Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006). Rule 59(e) motions may not be used to relitigate matters that have already been litigated, or to make arguments "that could have been raised prior to the entry of judgment." 11 WRIGHT, MILLER, KANE, FEDERAL PRACTICE & PROCEDURE, CIVIL, § 2810.1 at 164 (2012) [hereinafter WRIGHT, MILLER]. "A motion for reconsideration is not a vehicle to reargue [a] motion...." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993).

"Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30. "The standard of appellate review is correspondingly deferential," and an appellate court "will not overturn the district court's denial of a motion for reconsideration absent an abuse of discretion." *Id.*

Courts have generally recognized four grounds for amending a judgment under Rule 59(e): (1) "to correct manifest errors of law or fact," (2) to allow a party "to present newly discovered or previously unavailable evidence," (3) to "prevent manifest injustice," and (4) because of "an intervening change in controlling law." *See* WRIGHT, MILLER § 2810.1 at 157-64. None of these grounds are available here.

**ARGUMENTS AND AUTHORITIES**

Mr. Moghtader points to no errors of law or fact in the Court's Order, no newly discovered or previously unavailable evidence, and no intervening change in law. Instead, to the extent his arguments can be linked to any of the grounds for amending a judgment, he appears to be arguing that the judgment should be amended to prevent "manifest injustice." Thus, to succeed on his motion, Mr. Moghtader must show that both aspects of the Court's Dismissal Order should be reconsidered; namely, the finding of no subject matter jurisdiction and the finding that Mr. Moghtader failed to state a claim under the Americans with Disabilities Act. He has not succeeded with respect to either finding.

On the first finding, Mr. Moghtader asserts that it is "unfair" that NBME can deny a request for testing accommodations on the United States Medical Licensing Examination, "sit back and wait" for the examinee to be dismissed from medical school, "and then walk into court arguing lack of jurisdiction." Pl. Motion a 2 (¶ 4). According to Mr. Moghtader, this allows NBME to operate "without any effective judicial oversight." *Id*. (¶ 6). This argument fails at multiple levels. In the first place, it is based upon the incorrect factual premise that NBME can evade judicial review whenever it denies a request for accommodations. That is categorically untrue. Like other testing entities, NBME is occasionally sued by individuals whose requests for extra testing time or other accommodations are denied by NBME. Those lawsuits rarely get dismissed for lack of subject matter jurisdiction, because -- unlike Mr. Moghtader -- those plaintiffs seek judicial relief in a timely manner. *See, e.g., Black v. NBME*, 281 F. Supp. 3d 1247 (M.D. Fla. 2017) (granting summary judgment to NBME on the merits of the plaintiff's ADA claim).

Indeed, Mr. Moghtader himself was able to seek "judicial oversight" of NBME's accommodation decision by way of his first lawsuit against NBME. That lawsuit was not dismissed based upon a finding of no subject matter jurisdiction. It was dismissed because Mr. Moghtader failed to state any viable legal claims.

The more fundamental problem with Mr. Moghtader's argument, however, is that subject matter jurisdiction cannot be based on a party's perception of what is fair or unfair. Subject matter jurisdiction is instead based on statutory and constitutional limitations on a court's authority to decide cases. Every party whose claim is dismissed for lack of subject matter jurisdiction presumably thinks that the dismissal was "unfair," but such perceptions provide no basis for overriding the Constitution.

Mr. Moghtader's argument in support of reconsidering the Court's second finding -- failure to state a claim -- is equally insubstantial. He acknowledges that the Court was correct in holding that he relied upon the wrong comparator group in asserting that he is disabled within the meaning of the ADA, and he says that he "would like to amend [his complaint] to compare his disabilities 'to most,' not just people of similar educational background." Pl. Motion at 2 (¶ 7). That argument comes too late. A Rule 59(e) motion is not a proper vehicle for belatedly seeking to amend a complaint, because the purpose of Rule 59(e) is not "to cure defects that could have been addressed earlier. The party must instead point either to an error of law or to newly discovered evidence." *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002-04 (7th Cir. 2009) (denying Rule 59(e) motion and request to file an amended complaint). Mr. Moghtader points to neither. To the contrary, he says that the error was his, not the Court's, and he does not claim to have any newly discovered evidence that relates to his claim.

**CONCLUSION**

Mr. Moghtader has not shown that the Court's Order dismissing his complaint was "manifestly unjust." Nor has he shown any other basis for reconsidering the Court's Order. His Rule 59 Motion should therefore be denied.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Stephen J. Romero*
Stephen J. Romero
State Bar No. 24046756
stephen.romero@nortonrosefulbright.com
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Counsel for Defendant
National Board of Medical Examiners

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October 2018, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Vincent E. Nowak
1301 Daws Drive
Amarillo, TX 79124

*/s/ Stephen J. Romero*
Stephen J. Romero
